UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY TAMARA FARRIS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 1:19-cv-00025-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

Claimant has requested judicial review of the Social Security Administration's ("SSA") denial of her application for disability insurance benefits. On November 18, 2019, we heard argument from the parties.[1] Having reviewed the record and considered arguments raised by the parties, we will affirm the decision of the administrative law judge ("ALJ").

On appeal, we ask only whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g). We will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence; we will not substitute our judgment for that of the Commissioner. *Id*.

Claimant seeks remand, arguing that the ALJ erred in giving "little weight" to the opinions of two treating doctors: Psychiatrist Lynn Nile, who evaluated the impact of claimant's major depressive disorder, and Jeanette Rylander, who evaluated claimant's back. An ALJ may reject the opinion of a doctor under certain circumstances but must provide a certain level of justification for doing so. In the case of a contradicted treating doctor's opinion, Ninth Circuit

---
[1] Both parties are represented by counsel.

precedent requires that the ALJ articulate "specific and legitimate reasons" for rejecting that opinion, which must be supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

As regards Dr. Nile, the ALJ found her opinion "inconsistent with the medical record and clinical examination findings." AR 29. In particular, the ALJ contrasted Dr. Nile's opinion with that of Dr. James Murphy, who found claimant's concentration "good," her attention "normal," her fund of knowledge "adequate," her abstract reasoning "good," and her memory "slightly impaired." *Id.* The ALJ could have stated more explicitly that she found these statements in conflict with Dr. Nile's opinion; as it is, that ALJ's discussion of Dr. Nile's opinion does not reference Dr. Murphy by name, requiring some legwork on the part of the reader to understand the ALJ's reasoning. Nonetheless, once the references to Dr. Murphy's opinion are identified— and no party disputes their source—we are able to discern the ALJ's reasons for discounting the opinion of Dr. Nile, and we are not convinced that those reasons are anything but specific and legitimate.

The same is true for the opinion of Dr. Ryland. The ALJ explained that he gave her opinion little weight because it was based on the claimant's own statements of her limitations— which the ALJ separately found "not entirely consistent with the medical evidence," AR 22—and because it "was inconsistent with the medical record, opinion of Dr. [Lakshmanaraju] Raju, and the overall evidence of record," AR 28. These reasons are both specific and legitimate. *See Reams v. Comm'r of Soc. Sec. Admin.*, 116 F. App'x 881, 882 (9th Cir. 2004) (affirming ALJ decision where "the ALJ rejected [a treating doctor's] opinion because his opinion was based, in part, on [claimant's] subjective complaints of pain and fatigue").

Claimant argues that the ALJ erred in rejecting both doctors' opinions because the ALJ did so in part based on perceived conflicts between those opinions and different doctors' opinions that he independently discounted—that is, the opinions of Drs. Murphy and Raju, to which he accorded little weight. We see no error in the approach taken by the ALJ here. We see no basis in the Social Security Act, associated regulations, or case law for barring an ALJ from—in a case where two medical opinions conflict—discounting both based on the conflict, or for discounting

2

one opinion based at least in part on a second opinion that is separately discounted. Here, the ALJ appears to have considered carefully the medical opinions at issue, and we find his reasons for rejecting them to be specific and legitimate.

In sum, we find that the ALJ's decision is supported by substantial evidence and that claimant has identified no reversible error in the ALJ's analysis. For the reasons stated in this order, we deny claimant's appeal from the administrative decision of the Commissioner of Social Security and direct the clerk of court (1) to enter judgment in favor of defendant and against claimant Ashley Tamara Farris and (2) to close this case.

IT IS SO ORDERED.

Dated:  February 23, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 200.